# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **VANE LINE BUNKERING, INC.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 17-1882** |
| | * | |
| **NATALIE D M/V, ET AL.** | * | **SECTION L (1)** |

## ORDER AND REASONS

Before the Court is Plaintiff's motion for partial summary judgment on liability. R. Doc. 24. Defendants oppose the motion. R. Doc. 14. Having considered the parties' arguments, submissions, and applicable law, the Court now issues this Order and Reasons.

## I.     BACKGROUND

This case arises from an allision that occurred on the Kenner Bend anchorage in the Mississippi River in March 2016. R. Doc. 1. Plaintiff Vane Line Bunkering, Inc. ("Vane Line"), a Maryland corporation, is the owner and operator of the towing vessel *CHESAPEAKE* and a tank barge DS-509A. R. Doc. 1 at 1. Defendant Triple S Marine, LLC ("Triple S") is a Louisiana company that owns and operates Defendant *M/V NATALIE D*, a marine towing vessel operating in the Mississippi River. R. Doc. 1 at 1. Defendant ABC Insurance Company is the as-yet-unnamed insurer and underwriter of Triple S and the *M/V NATALIE D*.

Plaintiff alleges that on March 8, 2016, the *M/V CHESAPEAKE* and the tank barge DS-509A had been placed in the designated anchorage area by a federal pilot and were displaying proper lights. The following day, around 7:00 p.m., the *M/V NATALIE D* entered the anchorage area and attempted to pass between the *M/V CHESAPEAKE* and another vessel, and struck the *M/V CHESAPEAKE*'s anchor cable and caused it to part and setting the Vane tow adrift. At the request of the U.S. Coast Guard, Vane Line searched for the lost anchor and performed repairs and inspections on its vessels. R. Doc. 1 at 3.

Plaintiff avers that the sole cause of the accident was the negligence of Triple S and the *M/V NATALIE D*. R. Doc. 1 at 3. Plaintiff alleges that it sustained $46,238.39, plus survey fees and expenses, in damage. R. Doc. 1 at 4. Defendant Triple S timely responded to the complaint, generally denying all allegations. R. Doc. 4. Triple S further asserts several affirmative defenses, including failure to mitigate damages, comparative fault, and failure to state a claim. R. Doc. 4 at 1. Triple S also filed a counterclaim against Vane Line, alleging the Vane Line is liable for the collision because its vessels were improperly moored. R. Doc. 4 at 2. Triple S avers that its tug was damaged in the incident and seeks monetary compensations for damages and loss of use. R. Doc. 4 at 3.

Plaintiff now seeks summary judgment on liability.

## II. PRESENT MOTION

Plaintiff bases its motion on *The Oregon* Rule, which presumes that a moving vessel is at fault when it allides with a stationary object. According to Plaintiff, Defendant Triple S cannot rebut this legal presumption of fault by a preponderance of the evidence because the record indicates that Triple S was at fault and that the allision could have been avoided. Plaintiff claims that the Vane tow was properly lighted and placed inside the designated anchorage area by an experienced federal pilot and remained in the designated area until the time of the allision. Plaintiff further suggests that its vessels were not obstructing the Mississippi's navigable channel. Moreover, Plaintiff states that the Vane tow did not change position after being placed in anchorage and displayed proper lights until the time of the allision. Plaintiff notes that the Triple S's and the *NATALIE D*'s vessel logs do not contain any indication of reports of the Vane tow being improperly anchored on March 8 and 9, 2016 – either from vessels transiting the area or from the U.S. Coast Guard's Vessel Tracking Center located in New Orleans. Instead, Plaintiff argues it is

undisputed that the *NATALIE D* and her tow attempted to cross the anchorage area between the anchored Vane tow and another vessel anchored upriver, came too close to and allided with the Vane tow's anchor wire.

## III. LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing Fed. R. Civ. P. 56(c)); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008).

Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. When the moving party has met its Rule 56(c) burden, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.*, 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little*, 37 F.3d at 1075). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court

ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

IV. **DISCUSSION**

There are presumptions and burden-shifting principles that govern the imposition of liability for allisions on navigable waterways. Under *The Oregon* Rule, it is presumed that a moving vessel is at fault when it allides with a stationary object. *The Oregon*, 158 U.S. 186 (1895). Thus, the owner of a stationary object that is hit by a moving vessel can satisfy its initial burden of demonstrating the breach of a duty on the part of the vessel by invoking *The Oregon* Rule. *Id*. "This presumption operates to shift the burden of proof—both the burden of producing evidence and the burden of persuasion—onto the moving ship." *Am. Petrofina Pipeline Co. v. M/V SHOKO MARU*, 837 F.2d 1324, 1326 (5th Cir. 1988) (citing *Delta Transload, Inc. v. M/V NAVIOS COMMANDER*, 818 F.2d 445, 449 (5th Cir. 1987); *James v. River Parishes Co., Inc.*, 686 F.2d 1129, 1131-33 (5th Cir. 1982)). The moving vessel can rebut the presumption by proving, by a preponderance of the evidence, that it acted with reasonable care, that the stationary object was at fault for the allision, or that the allision was an unavoidable accident. *Id*. (citing *Bunge Corp. v. M/V FURNESS BRIDGE*, 558 F.2d 790, 795 (5th Cir. 1977); *Woods v. U.S., Dep't of Transp.*, 681 F.2d 988, 990 (5th Cir. 1982)). *The Oregon* Rule "presumption derives from the common-sense observation that moving vessels do not usually collide with stationary objects unless the [moving] vessel is mishandled in some way." *Id*. (citations omitted). As the Fifth Circuit explained:

> Such accidents simply do not occur in the ordinary course of things unless the vessel has been mismanaged in some way. It is not sufficient for the respondent to produce witnesses who testify that as soon as the danger became apparent everything possible was done to avoid an accident. The question remains, how then did the collision occur? The answer must be either that, in spite of the testimony of the witnesses, what was done was too little too late, or

> if not, then the vessel was at fault for being in a position in which an unavoidable collision would occur.

*Delta Transload*, 818 F.2d at 449-50 (quoting *Patterson Oil Terminals, Inc. v. THE PORT COVINGTON*, 109 F.Supp. 953, 954 (E.D. Pa. 1952)). Although *The Oregon* Rule presumption of fault does not apply to allisions with sunken and hidden objects, a vessel operator's knowledge of an otherwise nonvisible object warrants the imposition of the presumption, because that knowledge renders the accident "neither fortuitous nor unavoidable." *Delta Transload*, 818 F.2d at 450.

In this case, the *M/V NATALIE D*, a moving vessel, allided with the Vane tow's anchor wire, a stationary object. According to Defendants, the anchor cable for the *CHESAPEAKE* was below the water and not visible to the captain of the *NATALIE D*. Further, the captain of the *NATALIE D* claims that he did not know the location of the cable. In such scenario where the allision is with allegedly unknown, nonvisible objects, *The Oregon Rule* may not apply. *See Delta Transload*, 818 F.2d at 450.

Furthermore, *The Oregon* Rule is rebutted if the stationary object is also at fault. *See Raffield v. Y & S Marine, Inc.*, 558 F. Supp. 2d 672, 674 (E.D. La. 2008). Here, Defendants argue that the *NATALIE D* acted reasonably because it is customary and usual in that area of the river for vessels to navigate between other anchored vessels to reach the fleeting facility. Moreover, Defendant has alleged that the *CHESAPEAKE* was an obstruction to navigation because its anchor chain was improperly set and the anchor cable protruded into an area in which other vessels were navigating. Defendants thus argue that Plaintiff is at fault for the allision as well. Accordingly, there are contested issues of material fact that preclude a finding whether the *NATALIE D* was solely at fault. These factual determinations are best left for the jury; summary judgment is therefore denied.

## V. CONCLUSION

Based on the foregoing reasons, accordingly,

**IT IS ORDERED** that Plaintiff's motion for partial summary judgment (R. Doc. 24) is hereby **DENIED**.

New Orleans, Louisiana, this 20th day of February, 2018.

_____
**ELDON E. FALLON**
United States District Judge